IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1945-CFC |
| | ) | |
| HMD GLOBAL OY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HMD GLOBAL OY'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
William J. McCabe
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated: May 26, 2020

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ....................................1

II.   SUMMARY OF ARGUMENT ......................................................................1

III.  STATEMENT OF FACTS .............................................................................2

IV.  APPLICABLE LAW .....................................................................................7

V.    ARGUMENT ...............................................................................................10

VI.  CONCLUSION ............................................................................................16

# TABLE OF AUTHORITIES

**Page**

CASES

*Abraxis Bioscience, Inc. v. Navinta LLC*,
   625 F.3d 1359 (Fed. Cir. 2010) ........................................................................7

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   C.A. No. 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017) ......8, 13, 14

*Bos. Sci. Corp. v. Wall Cardiovascular Techs., LLC*,
   647 F. Supp. 2d 358 (D. Del. 2009)....................................................................8

*CareDx, Inc. v. Natera, Inc.*,
   C.A. No. 19-662-CFC-CJB, 2019 WL 7037799 (D. Del. Dec. 20,
   2019) ...................................................................................................................9

*Gould Elecs., Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000) ..............................................................................2

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ..................................................................*passim*

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016) .......................................................................10

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) .......................................................................10

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed. Cir. 1995) ...........................................................................7

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
   402 F.3d 1198 (Fed. Cir. 2005) .........................................................................9

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) ...........................................................................8

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) .......................................................................10

*Walker Digital, LLC. v. Expedia, Inc.*,
   950 F. Supp. 2d 729 (D. Del. 2013)....................................................................8

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Warth v. Seldin*,
    422 U.S. 490 (1975)..............................................................................7

*WiAV Sols. LLC, v Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ....................................................2, 10

### STATUTES

35 U.S.C. § 281 ..............................................................................9, 15

### RULES

Fed. R. Civ. Proc. 12(b)(1) ..........................................................2, 9, 16

Fed. R. Civ. Proc. 12(b)(6) ..........................................................2, 9, 16

# I.    NATURE AND STAGE OF THE PROCEEDINGS

Defendant HMD Global Oy ("HMD") is a worldwide maker of mobile phones sold under the "Nokia" name.

Plaintiff VoiceAge EVS filed this suit on October 15, 2019, asserting that HMD infringes five patents: U.S. Patent No. 7,693,710; U.S. Patent No. 8,401,843; U.S. Patent No. 8,825,475; U.S. Patent No. 8,990,073; U.S. Patent No. 9,852,741 (each a "Patent-in-Suit," and, collectively, the "Patents-in-Suit"). Compl. ¶¶ 46-79, D.I. 1.

Plaintiff asserts that HMD infringes by implementing "the Enhanced Voice Services ('EVS') codec" in its products. *Id.* ¶¶ 80-85. Plaintiff alleges these patents are "essential to the EVS Standard," and that VoiceAge EVS can provide HMD with a "standard-essential license." *Id.* ¶ 42.

HMD waived service of the complaint on February 24, 2020, with HMD's answer or other response to the complaint due on May 26, 2020.

# II.    SUMMARY OF ARGUMENT

Plaintiff's complaint fails to establish that Plaintiff has constitutional or statutory standing for its claims of infringement. Public information indicates that Plaintiff lacks both.

In a patent case, the plaintiff only has constitutional standing to the extent it has "an exclusionary right in a patent that, if violated by another, would cause the

party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC, v Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). Further, a party with exclusionary patent rights nonetheless lacks statutory standing to sue a defendant for infringement of a patent if that defendant does not hold "all substantial rights" in the patent. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019).

Here, the Patents-in-Suit and others in the allegedly "standard-essential" EVS portfolio have been subjected to numerous assignments and encumbrances that, from public information, preclude Plaintiff's enforcement of the patents against HMD. HMD respectfully asks the Court to dismiss Plaintiff's complaint under Federal Rule 12(b)(1) for lack of constitutional standing or under Federal Rule 12(b)(6) for lack of statutory standing. In the alternative, HMD respectfully asks the Court to stay this case for HMD to conduct jurisdictional discovery into the patent and license rights held by Plaintiff and its predecessors and affiliates below.

## III.   <u>STATEMENT OF FACTS</u>

All rights in each Patent-in-Suit were originally assigned by their respective inventors to VoiceAge Corporation of Quebec, Canada. Exs.[1] 1-5. Each Patent-in-

---

[1] Citations to "Ex. __" refer to the exhibits attached to the Declaration of Matthew J. Moffa concurrently filed herewith. In evaluating a factual attack on this Court's jurisdiction, a court "may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

Suit was thereafter purportedly assigned on December 5, 2018 from VoiceAge Corporation to the Plaintiff here, VoiceAge EVS LLC. Ex. 6 (Public Recordation of Assignment).

VoiceAge EVS LLC is a non-practicing shell company enforcing the VoiceAge Corporation patents. Exs. 7, 19. VoiceAge EVS LLC was formed and backed by litigation funder Fortress Investment Group ("Fortress"). Ex. 19. The public recordation of patent assignment from VoiceAge Corporation to VoiceAge EVS LLC indicates that such assignment was made "free and clear of all liens, claims, and encumbrances *other than those Assignee has expressly agreed in writing will continue to encumber the Patent Rights after execution and delivery of this Assignment of Patent Rights*." Ex. 6 at 3 (emphasis added). No such "express[]" agreements are found in that public recordation; these are likely set forth in other documents, including perhaps the "confidential" document from which the public recordation signature page was taken. *See id.* at 13.

The complaint alleges that Plaintiff "solely owns all rights, titles, and interests in and to" the Patents-in-Suit. D.I. 1 ¶ 46. It does not mention, let alone identify, any of the "liens, claims, and encumbrances" identified above. It does not allege that Plaintiff has the exclusive right to license Defendants. And, it does not mention two companies—Saint Lawrence Communications, LLC and EVS Codec Technologies,

LLC—who allege in public filings to have the right to license practice of the EVS standard under the EVS-related patents formerly owned by VoiceAge Corporation.

Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC are two of VoiceAge Corporation's additional non-practicing shell companies, formed in collaboration with another litigation funder, Acacia Research Corporation, to enforce VoiceAge Corporation's patents. In cases filed between 2014 and 2019, VoiceAge Corporation worked with Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC to assert VoiceAge Corporation's patents against more than a dozen companies.[2] Some suits alleged infringement by—and the ability to license—the same EVS standard by whose practice VoiceAge EVS LLC now

---

[2]*EVS Codec Techs., LLC v. LG Electronics, Inc.*, 1:19-cv-07397 (S.D.N.Y.); *EVS Codec Techs., LLC v. T-Mobile USA, Inc.*, 2:19-cv-00057 (E.D. Tex.); *EVS Codec Techs., LLC v. ZTE Corporation*, 3:19-cv-00385 (N.D. Tex.); *Saint Lawrence Communications LLC v. Amazon.com, Inc.*, 2:19-cv-00027 (E.D. Tex.); *LG Electronics, Inc., v. Saint Lawrence Communications LLC*, 1:18-cv-11082 (S.D.N.Y.); *Sony Mobile Communications Inc. v. EVS Codec Techs., LLC*, 1:18-cv-09518 (S.D.N.Y.); *EVS Codec Techs., LLC v. Huawei Device USA, Inc.*, 2:18-cv-00346 (E.D. Tex.); *Saint Lawrence Communications LLC v. AT&T Mobility LLC* , 2:17-cv-00536 (E.D. Tex.); *Saint Lawrence Communications LLC v. Apple Inc.*, 2:16-cv-00082 (E.D. Tex.); *HTC Corporation v. Acacia Research Corporation*, 2:15-cv-01510 (E.D. Tex.); *Saint Lawrence Communications LLC v. HTC Corporation*, 2:15-cv-00919 (E.D. Tex.); *Saint Lawrence Communications, LLC v. ZTE Corporation*, 2:15-cv-00349 (E.D. Tex.); *Saint Lawrence Communications, LLC v. Sony Mobile Communications (USA) Inc.*, 2:15-cv-00350 (E.D. Tex.); *Saint Lawrence Communications, LLC v. Motorola Mobility, LLC*, 2:15-cv-00351 (E.D. Tex.); *Saint Lawrence Communications, LLC v. LG Electronics, Inc.*, 2:14-cv-01055 (E.D. Tex.).

alleges HMD infringes the Patents-in-Suit—suggesting that **both** EVS Codec Technologies, LLC and VoiceAge EVS LLC can grant licenses to the VoiceAge portfolio of EVS-related patents.[3] Two of these latter cases are still pending today.[4]

Only a few of the settlement licenses arising from the Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC suits have been made public, but even those licenses reveal that these two plaintiffs granted rights not only in the patents in those suits, but also in ***all patent rights*** that the plaintiff ***"owns or controls or has the right to license currently or in the future."*** *E.g. Sony Mobile Commc'ns Inc. v. EVS Codec Techs., LLC*, No. 18-cv-9518-JSR (S.D.N.Y. Nov. 2, 2018), D.I. 17-1 at 2 (Definition of "Licensed Patents") (Ex. 8); *id.*, D.I. 17-2 at 2 (Definition of "Licensed Patents") (Ex. 9); *EVS Codec Techs., LLC v. LG Elecs., Inc.*, No. 18-cv-343 (E.D. Tex. Jan. 14, 2019), D.I. 46-1 at 3 (Definition of "Licensed Patents") (Ex. 10). These same public filings also reveal that some licenses included covenants extending to patents "owned ***or controlled or licensable***" by St. Lawrence. Ex. 10 at § 2.8 (Definition of "Covenant Patents"). The agreements do

---

[3] *EVS Codec Techs., LLC v. LG Electronics, Inc.*, 1:19-cv-07397 (S.D.N.Y.); *EVS Codec Techs., LLC v. T-Mobile USA, Inc.*, 2:19-cv-00057 (E.D. Tex.); *EVS Codec Techs., LLC v. ZTE Corporation*, 3:19-cv-00385 (N.D. Tex.); *Sony Mobile Commc'ns Inc. v. EVS Codec Techs., LLC*, 1:18-cv-09518 (S.D.N.Y.); *EVS Codec Techs., LLC v. Huawei Device USA, Inc.*, 2:18-cv-00346 (E.D. Tex.).

[4] *EVS Codec Techs., LLC v. T-Mobile USA, Inc.*, 2:19-cv-00057 (E.D. Tex.); *EVS Codec Techs., LLC v. ZTE Corporation*, 3:19-cv-00385 (N.D. Tex.).

not clearly specify whether such language extends these licenses and covenants to other VoiceAge Corporation patents declared essential to the EVS standard, like the Patents-in-Suit. However, it bears noting that none of the defendants in past suits brought by Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC have been sued by VoiceAge EVS, LLC.

Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC are not the only third-parties who appear to have the right to grant rights under patents from the VoiceAge Corporation portfolio. Public information suggests that the Université de Sherbrooke and its government funders may also have such rights. VoiceAge Corporation was created in 1999 "by professors and scientists at the Université de Sherbrooke," D.I. 1 ¶ 1, a research university which touts its deep investments of public money. Ex. 18. VoiceAge Corporation and the Université de Sherbrooke continue to have a close relationship; as stated on VoiceAge EVS LLC's website, "VoiceAge Corporation is comprised of technologists and licensing professionals from the engineering faculty within the Speech and Audio Research Group at the University of Sherbrooke who developed the ground-breaking ACELP technology." Ex. 7. VoiceAge Corporation at one time litigated as an exclusive licensee of patents assigned to the Université de Sherbrooke, suggesting both VoiceAge Corporation *and* the Université together held—and may still hold—the right to forgive infringement of VoiceAge Corporation patents. *See Nokia Corp. v.*

*Kyocera Wireless Corp.*, 2:04-cv-00076 (E.D. Tex. Feb. 27, 2004), D.I. 1 at ¶¶ 18, 20 (Ex. 11).

## IV.   <u>APPLICABLE LAW</u>

When evaluating standing in a patent infringement action, courts consider both a party's constitutional standing and its prudential (or statutory) standing. *Lone Star*, 925 F.3d at 1234.

Constitutional standing "is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363 (Fed. Cir. 2010) ("Standing is a constitutional requirement pursuant to Article III [of the Constitution] and . . . is a threshold jurisdictional issue.") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Whether a plaintiff has standing to sue is a matter of law to be determined by the court. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc).

A party must establish constitutional standing "by demonstrating that it suffers an injury which can be fairly traced to the defendant and likely redressed by a favorable judgment." *Lone Star*, 925 F.3d at 1234 (citing *Lujan*, 504 U.S. at 560–61). To have constitutional standing to sue for patent infringement, a plaintiff must hold "exclusionary rights" in the asserted patent, which mean "the ability to exclude others from practicing an invention or to 'forgive activities that would normally be

prohibited under the patent statutes.'" *Id.* (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007)). Alleging possession of exclusionary rights in a patent is a "constitutional threshold" to suit. *Id*. at 1235.

"The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Where the movant presents a factual challenge to the court's subject matter jurisdiction, "the court need not confine its consideration to the allegations of the complaint nor accept those allegations as true." *Bos. Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 363 (D. Del. 2009) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir.1977)); *see also Walker Digital, LLC. v. Expedia, Inc.*, 950 F. Supp. 2d 729, 734 (D. Del. 2013) (under a factual challenge to jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (citations omitted)). The Court may also consider matters outside the pleadings to satisfy itself that it has jurisdiction.  *See Bos. Sci.*, 647 F. Supp. 2d at 363; *see, e.g.*, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017) (on motion to dismiss, relying on patent licenses and assignments produced by parties to determine plaintiff's standing).

Where a plaintiff lacks exclusionary rights in a patent, the Court lacks jurisdiction to adjudicate a claim for infringement thereof, and such a claim is properly dismissed under Federal Rule of Civil Procedure 12(b)(1). To survive a motion to dismiss under Rule 12(b)(1), a claimant bears the burden of establishing that constitutional standing existed when the suit was filed; "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citations omitted).

Further, to have so-called statutory standing sue for patent infringement, a plaintiff must be among those authorized under 35 U.S.C. § 281: "the original patentee (whether the inventor or original assignee) and successors in title," but not "mere licensees." *Lone Star*, 925 F.3d at 1229 (internal quotations omitted). The plaintiff (or plaintiffs together) must hold "all substantial rights" in the Patents-in-Suit. *Id*. A motion for dismissal for lack of statutory standing is granted under Rule 12(b)(6). *See CareDx, Inc. v. Natera, Inc.*, C.A. No. 19-662-CFC-CJB, 2019 WL 7037799, at *4 (D. Del. Dec. 20, 2019) (citing *Lone Star*, 925 F.3d at 1235), *report and recommendation adopted*, 2020 WL 401773 (D. Del. Jan. 24, 2020).

## V.    **ARGUMENT**

Plaintiff's complaint and public records indicate that multiple third-parties appear to have retained the right to license or otherwise "forgive" HMD's allegedly infringing activities. If any third-party has the right to license a defendant's allegedly infringing activities, the plaintiff suffers no injury-in-fact from the defendant's acts, because the plaintiff lacks the right to exclude the defendants from using the patents. *See WiAV*, 631 F.3d at 1266-68; *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000); *see also Lone Star*, 925 F.3d at 1234 (citing *WiAV* for proposition that "licensees 'may have standing to sue some parties and not others'"). Such a plaintiff lacks exclusionary rights in a patent over that defendant, and thus has no constitutional standing to sue that defendant for infringement. *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016); *Morrow*, 499 F.3d at 1340–41.[5]

At least **eight** parties may have retained the right to license or otherwise forgive HMD's and its customers' allegedly infringing activities:

---

[5] Another Fortress-backed entity recently acknowledged, in both district court and at the Federal Circuit Court of Appeals, that federal courts lack jurisdiction over an accused infringer who has the right to receive a license from a third party such as a prior patent owner or licensor with sublicense rights. *See Uniloc USA, Inc. v. ADP, LLC*, No. 16-cv-741 (E.D. Tex. May 3, 2018), D.I. 302 at 1-3 (stating that the act of Fortress-backed entity Uniloc "granting IBM a right to license ADP deprived Uniloc of an exclusionary right with respect to ADP") (Ex. 12); *Uniloc USA, Inc. v. ADP, LLC*, No. 18-1132, (Fed. Cir. July 11, 2018) D.I. 46-1 at 9 (same) (citing *WiAV*, 631 F.3d at 1266) (Ex. 13).

- **(1)** EVS Codec Technologies, LLC and **(2)** Saint Lawrence Communications, LLC, who allege in other filings to be the successors to VoiceAge Corporation's EVS-essential portfolio, and to have the ability to license VoiceAge Corporation's EVS-related patents on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms. *E.g.* Second Amended Compl. ¶ 135 (alleging the ability to grant "a FRAND license to EVS"), ¶145, *EVS Codec Techs., LLC v. LG Elecs., Inc.*, No. 2:18-cv-343-JRG (E.D. Tex. Jan. 10, 2019), D.I. 45 (Ex. 15);

- **(3)** Plaintiff's funder, Fortress, which purports to have separate authority to "license VoiceAge's Enhanced Voice Services (EVS) Patent Portfolio." Ex. 19. This statement is consistent with limited public evidence that Fortress, upon assigning patents to an enforcement arm, retains in non-public contracts a reversionary sublicense right in those patents should its enforcement arm not meet certain enforcement milestones. *See* Transcript of Proceedings, *Uniloc USA, Inc. v. Apple, Inc.*, No. 3:18-cv-572-WHA (N.D. Cal., September 4, 2018), D.I. 136, at 3-4 (Ex. 16) (granting discovery of non-public assignment documents between Fortress entities which defendants represented inform "what encumbrances are on the patents, and what other entities have a reversionary interest in the patents"); Transcript of Proceedings,

*Uniloc USA, Inc. v. Apple, Inc.*, No. 3:18-cv-572-WHA (N.D. Cal., January 10, 2019), D.I. 172, at 6 (Ex. 17) (representation by defendant that non-public assignment documents reflect that Fortress "held an absolute right in its sole discretion to license any entity it wanted to," and thus Fortress-funded shell company "had no legal right to exclude those entities.");

- **(4)** Acacia Research Corporation, which may have retained a similar reversionary sublicense right when assigning and licensing VoiceAge Corporation's EVS-essential portfolio to EVS Codec Technologies, LLC and Saint Lawrence Communications, LLC;

- **(5)** VoiceAge Corporation itself, which, on its public website, continues to include three of the Patents-in-Suit (U.S. Patent No. 7,693,710; 8,401,843; and 8,825,475) within its own "patent portfolio" allegedly covering the EVS standard accused of infringement here (Ex. 14);

- **(6)** The Université de Sherbrooke, which may have retained a license to practice and/or sublicense the Patents-in-Suit (as is typical in research collaborations involving university-employer inventors); and

- **(7)** The Government of Canada and/or **(8)** the Provincial Government of Quebec, which may have retained rights in inventions funded with

public money at the Université de Sherbrooke (again, as is typical in research collaborations involving university-employer inventors).

Because the license and assignment agreements issued by Plaintiff, its predecessors, and its funders are almost exclusively nonpublic, HMD and the Court cannot confirm from Plaintiff's pleadings alone that Plaintiff alone holds exclusionary rights in the Patents-in-Suit. In fact, the public record shows otherwise, as *all four of* Plaintiff, VoiceAge Corporation, EVS Codec Technologies, LLC, and Fortress purport to be proper licensors for VoiceAge Corporation patents previously declared "essential" by VoiceAge Corporation under the EVS Standard. If *any* of *e.g.* VoiceAge Corporation, EVS Codec Technologies, LLC, or Fortress could grant so-called "Fair, Reasonable, and Non-Discriminatory" licenses to VoiceAge Corporation's EVS-related patents, Plaintiff would lack the ability to exclude HMD from practicing the Patents-in-Suit. To establish this Court's jurisdiction over HMD, Plaintiff must show more in the face of this conflicting public evidence.

A recent decision from this district court is instructive. In *Acceleration Bay LLC v. Activision Blizzard, Inc.*, the defendants were video game publishers and the allegedly infringing products were video games for use on various gaming platforms. 2017 WL 3668597 at *1. The patents-in-suit had been licensed by a prior owner to Sony, and Sony kept the right to grant sublicenses (including retroactive licenses) to *inter alia* third party developers and publishers of video games capable of running

- 13 -

on Sony gaming platforms. *Id.* Faced with a suit by a new patent owner, the defendants moved to dismiss "all claims related to games used on Sony platforms." *Id.* Applying the Federal Circuit's holding in *WiAV*, the district court agreed that, based on the grant of rights by the prior owner to Sony, the plaintiff lacked constitutional standing to pursue infringement claims related to games used on Sony platforms, and dismissed those claims. *Id.* at 3–4 ("Defendants had the ability to obtain a license from Sony at all relevant times . . . . Because of this, Plaintiff has not shown that it had the right under the patents to exclude the Defendants from engaging in the alleged infringing activity. It therefore could not have been injured as a result.").

Here, Plaintiff's complaint fails to allege that Plaintiff holds exclusionary rights in the Patents-in-Suit as to *any* products or parties, now or at any time in the past. Instead, the public record suggests that HMD may be able to obtain licenses from the above entities for some or all of HMD's accused products and for HMD's alleged practice of the EVS standard. For example, EVS Codec Technologies, LLC continues to allege that it has the right to license practice of the EVS standard by other parties (including similarly-situated mobile device manufacturers like ZTE and OnePlus)[6], with no clarity in the public record as to which party or parties hold the

---

[6] *See EVS Codec Techs., LLC v. T-Mobile USA, Inc.*, 2:19-cv-00057 (E.D. Tex.); *EVS Codec Techs., LLC v. ZTE Corporation*, 3:19-cv-00385 (N.D. Tex.).

ultimate right to excuse infringement arising from HMD's practice of the standard. Rather, it appears that *either or both* of EVS Codec Technologies, LLC and Plaintiff can license a mobile device manufacturer to the VoiceAge patents under the EVS standard. Under these circumstances, Plaintiff bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction, *i.e.* by providing all past agreements that might give any party other than Plaintiff the right to license HMD, or by confirming by admissible evidence that none exist or could arise.

Even if Plaintiff could establish that it holds exclusionary rights in the Patents-in-Suit, Plaintiff has not shown that it holds "all substantial rights" in the Patents-in-Suit, and thus statutory standing under 35 U.S.C. § 281. *Lone Star*, 925 F.3d at 1229. Here, while Plaintiff's complaint alleges that Plaintiff "solely owns all rights, titles, and interests in and to" the Patents-in-Suit, the Court cannot rely on "labels" and "bare formalities." *Id.* at 1230 (citation omitted). Rather, the Court must look at the actual patent assignment and any license agreements encumbering it to determine "the substance of the transaction[s]" preceding Plaintiff's alleged ownership, and whether another rightsholder (like the predecessor and parent entities identified above) must be joined as a plaintiff. *Id.* at 1230-34. Here, the actual patent assignment to VoiceAge EVS, and the other financing agreements affecting its patent rights, are not of public record. HMD and the Court simply cannot confirm

from Plaintiff's pleadings alone that Plaintiff alone holds all substantial rights in the Patents-in-Suit.

## VI.    <u>CONCLUSION</u>

Because Plaintiff's complaint and exhibits do not establish that Plaintiff holds exclusionary rights in the Patents-in-Suit, and because public evidence suggests it does not, Plaintiff's complaint and exhibits are properly dismissed under Rule 12(b)(1) unless Plaintiff can establish standing by a preponderance of the evidence. Even if Plaintiff can establish this Court's jurisdiction over its claim, Plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to join all rightsholders.

HMD asks that the Court dismiss Plaintiff's complaint, or in the alternative stay the case while HMD conducts jurisdictional discovery into the patent rights held by Plaintiff and its predecessors and affiliates above.

/s/ John W. Shaw
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
William J. McCabe
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated: May 26, 2020

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 3,639 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, table of contents and authorities, or the counsel blocks.

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*