## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VoiceAge EVS LLC,

                Plaintiff,

    v.

HMD Global Oy,

                Defendant.

Case No. 19-1945-CFC

## PLAINTIFF VOICEAGE EVS LLC'S OPPOSITION TO DEFENDANT HMD GLOBAL OY'S MOTION TO DISMISS

Dated:  June 9, 2020

*Of Counsel:*

Christopher A. Seidl
Benjamen C. Linden
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
cseidl@robinskaplan.com
blinden@robinskaplan.com

Andrea L. Gothing
Li Zhu
Robins Kaplan LLP
2440 W El Camino Real, Suite 100
Mountain View, California 94040
T: (650) 784-4040

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
T: (302) 777-0300
F: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff VoiceAge EVS LLC*

F: (650) 784-4041
agothing@robinskaplan.com
lzhu@robinskaplan.com

Annie Huang
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, New York 10022
T: (212) 980-7400
F: (212) 980-7499
ahuang@robinskaplan.com

# <u>TABLE OF CONTENTS</u>

I.     Nature and Stage of Proceedings..................................................................2

II.    Summary of Argument ...............................................................................3

III.   Factual Background .....................................................................................4

IV.    Legal Standards ...........................................................................................5

V.     Argument .....................................................................................................7

      A.     VoiceAge EVS's well-pled allegations must be accepted as
           true, and HMD's conjectures outside the pleadings do not merit
           a stay for discovery let alone dismissal of the action under Fed.
           R. Civ. P. 12(b)(6)....................................................................................7

      B.     VoiceAge EVS has constitutional standing to bring the present
           patent infringement suit against HMD, and HMD's motion to
           dismiss under Fed. R. Civ. P. 12(b)(1) is procedurally flawed
           and should be denied. .........................................................................12

      C.     VoiceAge EVS should be awarded its reasonable fees and costs
           in responding to HMD's motion. .......................................................15

VI.    Conclusion .................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010) ...........................................................................14

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
    No. 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017)........................14

*CareDx, Inc. v. Natera, Inc.*,
    No. 19-662-CFC-CJB, 2019 U.S. Dist. LEXIS 219451 (D. Del.
    Dec. 20, 2019)...................................................................................................6, 7

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................................................................7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)........................................................................................6, 14

*Leyse v. Bank of Am. Nat'l Ass'n*,
    804 F.3d 316 (3d Cir. 2015) .............................................................................5, 6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) ..................................................................*passim*

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    Nos. 2018-2416, 2019-1012, 2020 U.S. App. LEXIS 15265
    (Fed. Cir. May 5, 2020) ..........................................................................6, 12, 14

*Walker Digital, LLC v. Expedia, Inc.*,
    950 F. Supp. 2d 729 (D. Del. 2013).................................................................14

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) .......................................................................14

"VoiceAge EVS *solely owns* all rights, titles, and interests in and to the VoiceAge Patents . . . ." (D.I. 1 ¶ 46 (emphasis added).) The well-pled assertion of rights in the Complaint is unequivocal. HMD Global Oy ("HMD")'s Motion to Dismiss for lack of standing is based on a fundamental misapplication of the Federal Rules of Civil Procedure, the governing law and the well-pled facts in VoiceAge EVS LLC ("VoiceAge EVS")'s Complaint. Moreover, HMD's reliance on exhibits, though not procedurally relevant to the analysis, is based on selective (and misleading) excerpts of webpages and documents that, when read as a whole, are consistent with VoiceAge EVS's well-pled assertion of rights. HMD's attempt to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) should be rejected. HMD's alternative request for a stay pending discovery should also be rejected.

Under Rule 12(b)(6), VoiceAge EVS's well-pled facts must be accepted as true. HMD first tries to sidestep the Rule 12(b)(6) standard by suggesting that public information conflicts with VoiceAge EVS's well-pled allegations. HMD cites no actual evidence in support. Rather, HMD relies on speculation that others "*may* also" have rights, "*may* still hold" or "*may* have retained" rights to the patents in suit, and thus, "HMD *may* be able to obtain licenses" from others. (D.I. 8 at 6, 10, 12, 14 (emphasis added).) None of those theories are true, nor are they supported by record evidence. Indeed, the Assignment of Patent Rights HMD cites in its motion makes clear that VoiceAge Corporation transferred and assigned "*all*

- 1 -

right, title and interest" in the patents in suit to VoiceAge EVS. (D.I. 9, Ex. 6 at 4 (emphasis added).) That VoiceAge EVS agreed to abide by certain existing encumbrances (as is common practice in patent transfers) does not change the fact that VoiceAge EVS owns "all rights" to the patents. HMD provides no facts to the contrary.

Finally, desperate to avoid the Rule 12(b)(6) standard, HMD wrongly relies on Rule 12(b)(1) to mount a "factual challenge" to this Court's subject matter jurisdiction. Under controlling Federal Circuit law and authority from this District, whether a plaintiff owns "all substantial rights" is not an issue of subject matter jurisdiction and is not appropriately challenged under Rule 12(b)(1). This is made clear by the very case—*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019)—HMD relies upon for its Motion to Dismiss under Rule 12(b)(1). In *Lone Star*, the Federal Circuit *vacated* the district court's order dismissing the complaint under Rule 12(b)(1) pursuant to the same arguments HMD sets forth here—namely, that the plaintiff did not possess "all substantial rights." 925 F.3d at 1239. HMD's Rule 12(b)(1) motion fails as a matter of law.

## I.     Nature and Stage of Proceedings

On October 15, 2019, VoiceAge EVS filed the present action alleging infringement of U.S. Patent Nos. 7,693,710, 8,401,843, 8,825,475, 8,990,073, and 9,852,741 (the "VoiceAge Patents") by HMD. (*See* D.I. 1 ¶¶ 12, 19.) HMD waived

service of the Complaint. (D.I. 6.) HMD filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) on May 26, 2020. (D.I. 7.)

After HMD filed its motion to dismiss, VoiceAge EVS reached out to HMD and requested that HMD withdraw its motion. (Gothing Decl.,[1] Ex. A.) Among other things, VoiceAge EVS directed HMD to two recent precedential decisions from the Federal Circuit articulating the correct standard for addressing challenges to standing on the pleadings in patent cases. HMD refused to withdraw its motion. (Gothing Decl., Ex. B.)

## II.    Summary of Argument

1.   HMD's motion to dismiss under Rule 12(b)(6) should be denied because VoiceAge EVS's allegations in the Complaint satisfy the pleading standard, and even if this Court were to go outside the pleadings, the exhibits cited by HMD either support VoiceAge EVS's allegations or are irrelevant.

2.   HMD's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be denied because VoiceAge EVS's allegations in the Complaint satisfy the correct legal standard as articulated by controlling Federal Circuit law.

---

[1] References to the "Gothing Decl." are to the Declaration of Andrea Gothing in support of VoiceAge EVS's Opposition to HMD's Motion to Dismiss, filed herewith.

### III.    Factual Background

The five asserted VoiceAge Patents in this litigation were born out of the pioneering work of VoiceAge Corporation. Since VoiceAge Corporation's founding in 1999 by professors and scientists at the Université de Sherbrooke in Montreal, Canada, it has developed world-leading audio technology now ubiquitous in, among other applications, wireless communications. (D.I. 1 ¶¶ 1-3.) One such pioneering technology is the Enhanced Voice Services ("EVS") codec, developed to deliver next generation speech and audio codec technology for Fourth Generation (otherwise known as "4G" or "LTE") cellular communication systems. (*Id*. ¶ 3.) This technology allows consumers to enjoy, for example, better sounding, clearer calls; smoother conferencing; and a "being-there" quality of experience. (*Id*. ¶ 9.)

Through its research and development efforts, VoiceAge Corporation, by way of inventor assignments, was awarded a number of patents directed to the EVS codec, including the asserted patents here. (*Id*. ¶ 11; *see also* D.I. 9, Exs. 1-5.) Ownership of the asserted VoiceAge Patents was transferred by VoiceAge Corporation to VoiceAge EVS by assignment dated December 5, 2018. (D.I. 1. ¶¶ 11, 46; D.I. 9, Ex. 6.) Though the names of these two companies are similar, there is no corporate relationship between the two. As stated in a concurrent press

release, it was the intent for VoiceAge EVS to license the VoiceAge EVS patent portfolio which includes the asserted VoiceAge Patents. (*See* D.I. 9, Ex. 19.)

VoiceAge EVS reached out to HMD in August 2019 and again in September 2019 to attempt to engage in a licensing dialogue. (D.I. 1 ¶¶ 42, 44.) After HMD failed to respond to VoiceAge EVS's multiple attempts at engagement (*Id.*, ¶¶ 42-45), VoiceAge EVS filed the present action on October 15, 2019, alleging infringement of the VoiceAge Patents by HMD. (*See id.* ¶¶ 12, 19.) The Complaint pled that VoiceAge EVS "solely owns all rights, titles, and interests in and to the VoiceAge Patents." (*Id.* ¶ 46.) The Complaint further pled that HMD directly and indirectly infringes the VoiceAge Patents and sought damages and other relief for HMD's infringement. (*Id.* ¶¶ 14-16.)

## IV.    Legal Standards

"[T]he differences between statutory, constitutional, and prudential standing are important. Constitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 n.3 (3d Cir. 2015) (internal citation omitted). "Statutory standing goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case." *Id.* at 320.

In patent cases, "whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019). "As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter." *Schwendimann v. Arkwright Advanced Coating, Inc.*, Nos. 2018-2416, 2019-1012, 2020 U.S. App. LEXIS 15265, at *11 (Fed. Cir. May 5, 2020) (precedential) (citing *Lone Star Silicon Innovations LLC*, 925 F.3d at 1235).

"Unlike Article III standing, statutory standing is not jurisdictional." *Leyse*, 804 F.3d at 320 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014)) (addressing claims under the Telephone Consumer Protection Act). "As a result, '[a] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim,' and a motion to dismiss on this ground is brought pursuant to Rule 12(b)(6), rather than Rule 12(b)(1)." *Leyse*, 804 F.3d at 320 (internal citation omitted); *see also CareDx, Inc. v. Natera, Inc.*, No. 19-662-CFC-CJB, 2019 U.S. Dist. LEXIS 219451, at *11 (D. Del. Dec. 20, 2019), *report and recommendation adopted*, No. 19-662-CFC, 2020 U.S. Dist. LEXIS 12382 (D. Del. Jan. 24, 2020) (noting "'statutory standing' defects are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional.").

On a Rule 12(b)(6) motion to dismiss, the court accepts "all of the complaint's well-pleaded facts as true." *CareDx, Inc.*, 2019 U.S. Dist. LEXIS 219451 at \*7. "In assessing the plausibility of a claim, the court must 'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Id.* (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). "[I]n resolving motions to dismiss under Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents integral to or explicitly relied upon in the complaint." *CareDx, Inc.*, 2019 U.S. Dist. LEXIS 219451 at \*12 n.4.

## V.     Argument

### A.     VoiceAge EVS's well-pled allegations must be accepted as true, and HMD's conjectures outside the pleadings do not merit a stay for discovery let alone dismissal of the action under Fed. R. Civ. P. 12(b)(6).

HMD's motion to dismiss under 12(b)(6) should be denied because VoiceAge EVS has adequately pled ownership of the VoiceAge Patents. On a motion to dismiss under Rule 12(b)(6), the Court must accept "all of the complaint's well-pleaded facts as true" and "generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents integral to or explicitly relied upon in the complaint." *CareDx, Inc.*, 2019 U.S. Dist. LEXIS 219451 at \*7, \*12 n.4. Here, VoiceAge EVS

- 7 -

has pled that it "solely owns all rights, titles, and interests in and to the VoiceAge Patents." (D.I. 1 ¶ 46.) Accepted as true, these pled facts compel denial of HMD's motion.

Even if this Court were inclined to go beyond the four corners of the Complaint, the publicly-recorded assignments of patent rights for the VoiceAge Patents cited by HMD bolster VoiceAge EVS's allegations and do not warrant dismissal or a stay for HMD's discovery.[2] The record shows that each of the VoiceAge Patents were assigned from the respective inventors to VoiceAge Corporation. (D.I. 9, Exs. 1-5.) And, consistent with VoiceAge EVS's allegations in the Complaint, the assignment from VoiceAge Corporation to VoiceAge EVS specified that VoiceAge Corporation did "hereby sell, assign, transfer, and convey unto [VoiceAge EVS] . . . all right, title, and interest that exist today and may exist in the future in and to any and all of the following (collectively, the 'Patent Rights'), free and clear of all liens, claims and encumbrances other than those [VoiceAge EVS] has expressly agreed in writing will continue to encumber the Patent Rights[.]" (D.I. 9, Ex. 6 at 4.) The assignment of Patent Rights included "the

---

[2] HMD fashions its request for relief in the form of "jurisdictional discovery." (D.I. 8, at 16.) As explained in Section V.B. below, whether VoiceAge EVS retains all substantial rights in the patents is not a question of subject matter jurisdiction. *See Lone Star*, 925 F.3d at 1235-36.

provisional patent applications, patent applications and patents listed in the tables below (the 'Patents')." (*Id*.) The tables within the assignment identified each of the five asserted VoiceAge Patents by patent number. (*Id*. at 4, 6, 7, 10, and 12.) Among other rights, the assignment of Patent Rights to VoiceAge EVS also included:

> causes of action (whether known or unknown or whether currently pending, filed, or otherwise) on account of any of the Patents and/or any item in any of the foregoing categories (b) through (e), including, without limitation, all causes of action and other enforcement rights for
>
> (1) damages,
>
> (2) injunctive relief, and
>
> (3) any other remedies of any kind
>
> for past, current, and future infringement; and
>
> (g) all rights to collect royalties and other payments under or on account of any of the Patents and/or any item in any of the foregoing categories (b) through (f).

(*Id*. at 12.)

Thus, the six documents cited in HMD's brief—the only ones with even any arguable relevance—demonstrate a simple chain of title of the five asserted VoiceAge Patents from the inventors, to VoiceAge Corporation, to VoiceAge EVS. Further, HMD's conjecture that eight other entities "*may*" have retained the right to license the asserted VoiceAge Patents is not born out by the exhibits it cites:

**First**, HMD's exhibits do not show that EVS Codec Technologies, LLC ("ECT"), Saint Lawrence Communications, LLC ("Saint Lawrence"), or their alleged funder Acacia Research Corporation ("Acacia"),[3] have any interest in the five asserted VoiceAge Patents. Indeed, the exemplary Complaint by ECT and Saint Lawrence attached to HMD's motion shows that those actions relate to a separate patent portfolio directed to the AMR-WB codec (a predecessor to EVS that ECT and Saint Lawrence apparently allege is also essential to portions of the EVS standard. (*See* D.I. 9, Ex. 15, ¶¶ 39-41 (describing prior license to the AMR-WB standard and the as-of yet unlicensed use of EVS with respect to those patents)). Of course, multiple portfolios could be directed to different aspects of the same standard. And more importantly, HMD has pointed to no document from the USPTO assignment database or elsewhere that the three parties above have any rights in the five VoiceAge Patents here.

**Second**, the press release HMD selectively quotes to support its unfounded theory that Fortress Investment Group LLC ("Fortress") has authority to license the VoiceAge Patents actually supports VoiceAge EVS's standing here. A portion of

---

[3] Contrary to HMD's assertion (*see* D.I. 8 at 10), it does appear that an affiliate of ECT and Saint Lawrence has sued TCL (*see* Gothing Decl., Ex. E)—a defendant in a co-pending suit brought by VoiceAge EVS. *See VoiceAge EVS LLC v. Huizhou TCL Mobile Commc'n Co. Ltd. et al.*, 19-cv-02162-CFC (D. Del.).

the press release, not cited by HMD, specifies that "[u]nder the terms of the transaction, VoiceAge [(Corporation)] will assign its EVS Patent Portfolio to VoiceAge EVS, LLC, a new company and affiliate of Fortress that will license the VoiceAge EVS Patent Portfolio." (D.I. 9, Ex. 19 at 2.) And the exhibits cited by HMD relating to a different Fortress affiliate—Uniloc—do not mention the VoiceAge Patents, VoiceAge Corporation, VoiceAge EVS, or relate in any way to the present case. (*See* D.I. 9, Exs. 16-17.)

**Third**, despite HMD's suggestion to the contrary, VoiceAge Corporation's public website relating to the VoiceAge EVS portfolio, upon even a cursory review, supports VoiceAge EVS's allegations. On the VoiceAge Corporation webpage dedicated to licensing of the EVS portfolio—ignored by HMD in its motion, prospective licensees are directed to the e-mail address of VoiceAge EVS, LLC's CEO, David Rosmann. (*See* Gothing Decl., Ex. C ("For licensing IPR, please contact david@voiceageevs.com"); D.I. 1 ¶ 42 (identifying David Rosmann as the CEO of VoiceAge EVS and www.voiceageevs.com as the VoiceAge EVS website).) Prospective licensees to the AMR-WB codec portfolio, on the other hand, are directed to an e-mail address that appears to be associated with an Acacia web domain. (*See* Gothing Decl., Ex. D ("For licensing IPR, please contact elucas@acaciares.com")).

**Finally**, as for HMD's speculation regarding the Université of Sherbrooke, the Government of Canada, and the Provincial Government of Quebec, 15-year old litigations involving different parties, different patents, and different codecs (D.I. 9, Ex. 11), the observation that some unnamed professionals at VoiceAge Corporation *may* overlap with the engineering faculty at the Université of Sherbrooke (D.I. 9, Ex. 7), and reported grants of public money to the Université of Sherbrooke (D.I. 9, Ex. 18) are irrelevant and again do not contradict any allegation in the Complaint.

In sum, the exhibits that HMD relies on in its motion are either wholly irrelevant or support the allegations in VoiceAge EVS's Complaint. HMD's speculation does not merit a stay of this case for a fishing expedition. The Court should deny HMD's motion and instead allow this case to proceed.

**B.  VoiceAge EVS has constitutional standing to bring the present patent infringement suit against HMD, and HMD's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is procedurally flawed and should be denied.**

VoiceAge EVS has constitutional standing to bring the present suit. "As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter." *Schwendimann*, 2020 U.S. App. LEXIS 15265 at *11 (precedential) (citing *Lone Star*, 925 F.3d at 1235). As discussed above, VoiceAge EVS pled in its Complaint that HMD infringed the five VoiceAge Patents. (D.I. 1

¶¶ 12, 19.) VoiceAge EVS further pled that it "solely owns all rights, titles, and interests in and to the VoiceAge Patents[.]" (*Id.* ¶ 46.) Under *Lone Star*, this is sufficient to establish that VoiceAge EVS has constitutional standing.[4]

The crux of HMD's argument for dismissal under 12(b)(1)—based entirely on conjecture—is that VoiceAge EVS *may* lack exclusionary rights in the five VoiceAge Patents and therefore lacks constitutional standing. (D.I. 8 at 16.)

First, as set forth above, VoiceAge EVS is the sole owner of all right, title and interest to the VoiceAge Patents; HMD provides no evidence to the contrary and in fact cites to documents buttressing that very fact. *See* §§ III and V.A. above. Thus, HMD's Rule 12(b)(1) motion should be denied.

Second, HMD relies on outdated legal authority to mount a "factual challenge" to VoiceAge EVS's Complaint under Rule 12(b)(1). Despite relying on *Lone Star* throughout its brief, HMD omits mention of *Lone Star's* holding that whether a party possesses substantial rights in a patent does not implicate

---

[4] HMD argues that VoiceAge EVS failed to plead that it "has the exclusive right to license Defendants." (D.I. 8 at 3.) This is irrelevant. VoiceAge EVS "*solely owns* all rights, titles, and interests in and to the VoiceAge Patents . . . ." (D.I. 1 ¶ 46 (emphasis added).) Moreover, HMD's argument, rejected by *Lone Star*, elevates form over substance. *See Lone Star*, 925 F.3d at 1234-35 ("Appellees insist that Lone Star lacks constitutional standing because it did not allege it was an 'exclusive licensee.' Appellees' Br. at 59 . . . . But constitutional standing also does not depend on labels; it is the substance of the allegations that matters.").

jurisdictional issues or Rule 12(b)(1): "[w]e therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." 925 F.3d at 1235-36. Instead, HMD selectively relies on decisions pre-dating *Lone Star* that do not address the Supreme Court's decision in *Lexmark* and incorrectly treat the patent statute, 35 U.S.C § 281, as a jurisdictional requirement.[5] (*See* D.I. 8 at 2, 7, 8.) To the extent these decisions conflict with *Lexmark* and *Lone Star*, they are no longer correct statements of the law. *See Lone Star*, 925 F.3d at 1235 ("Where intervening Supreme Court precedent makes clear that our earlier decisions mischaracterized the effects of § 281, we are bound to follow that precedent rather than our own prior panel decisions."); *see also Schwendimann*, 2020 U.S. App. LEXIS 15265 at *10-11 ("[In *Lone Star*], we recognized that intervening Supreme Court precedent made clear that our earlier

_____

[5] *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263-64 (Fed. Cir. 2010) ("[T]he doctrine of constitutional standing serves to identify which disputes fall within ["Cases" or "Controversies"] and therefore may be resolved by a federal court."); *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (describing 28 U.S.C. § 281 as an issue of "Article III initial standing"); *Walker Digital, LLC v. Expedia, Inc.*, 950 F. Supp. 2d 729, 733-734 (D. Del. 2013) (analysis of subject matter jurisdiction in the context of 28 U.S.C. § 281); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453-RGA, 2017 WL 3668597, at *1 (D. Del. Aug. 24, 2017) (citing case law and standard for challenging subject matter jurisdiction).

decisions treating the prerequisites of the Patent Act as jurisdictional were wrong.").

VoiceAge EVS's allegations in the Complaint more than meet the constitutional standing and jurisdictional requirements for a patent case. Accordingly, VoiceAge EVS respectfully requests denial of HMD's motion to dismiss under 12(b)(1).

**C.     VoiceAge EVS should be awarded its reasonable fees and costs in responding to HMD's motion.**

HMD's refusal to withdraw its motion forced VoiceAge EVS to expend the time and expense of responding to HMD's baseless assertions and speculation. Accordingly, VoiceAge EVS respectfully requests leave of this Court for VoiceAge EVS to seek its reasonable fees and costs in responding to HMD's motion.

## VI.     Conclusion

HMD's motion to dismiss is based on incorrect statements of the governing law and conjecture based largely on irrelevant documents and misleading reference to selective excerpts of webpages and press releases that, when correctly reviewed in their entirety, bolster rather than contradict the statements made in VoiceAge EVS's well-pled Complaint. HMD's motion to dismiss or alternatively stay the case pending discovery should be denied.

Dated:  June 9, 2020

*Of Counsel:*

Christopher A. Seidl
Benjamen C. Linden
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
cseidl@robinskaplan.com
blinden@robinskaplan.com

Andrea L. Gothing
Li Zhu
Robins Kaplan LLP
2440 W El Camino Real, Suite 100
Mountain View, California 94040
T: (650) 784-4040
F: (650) 784-4041
agothing@robinskaplan.com
lzhu@robinskaplan.com

Annie Huang
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, New York 10022
T: (212) 980-7400
F: (212) 980-7499
ahuang@robinskaplan.com

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
T: (302) 777-0300
F: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff VoiceAge EVS LLC*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned certifies that the above filing has a length of 3,524 words

(including footnotes) according to the Microsoft Word word count utility, uses 14-

point Times New Roman font, and complies with this Court's type, font, and word

limitations as set forth in this Court's Standing Order Regarding Briefing in All

Cases.


Dated: June 9, 2020                              */s/ Brian E. Farnan*
                                                 Brian E. Farnan (Bar No. 4089)