# EXHIBIT A

ROBINS ◆ KAPLAN LLP

800 LASALLE AVENUE          612 349 8500 TEL
SUITE 2800                 612 339 4181 FAX
MINNEAPOLIS MN  55402      ROBINSKAPLAN.COM

CHRISTOPHER A. SEIDL
612 349 8468 TEL
CSEIDL@ROBINSKAPLAN.COM

June 2, 2020                                    *Via E-Mail*

William J. McCabe
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

     Re: *VoiceAge EVS LLC v. HMD Global Oy*, C.A. No. 19-1945-CFC (D. Del.)

Dear Mr. McCabe:

     HMD's motion to dismiss based on lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and/or lack of statutory standing under Fed. R. Civ. P. 12(b)(6) is wholly without merit and should be withdrawn immediately.

     There is no reasonable basis for a motion to dismiss under Fed. R. Civ. P. 12(b)(1).  As an initial matter, VoiceAge EVS, LLC holds *all* right and title to the patents in suit, as stated in the complaint. HMD cites no evidence to the contrary. The only document HMD cites in its motion, the Assignment of Patent Rights, makes clear that VoiceAge Corporation transferred and assigned "*all* right, title and interest" in the patents in suit. That VoiceAge EVS agreed to abide by certain encumbrances (as is common practice in patent transfers) does not change the fact that VoiceAge EVS owns "all rights" to the patents.

     More importantly, the cases cited in HMD's own memorandum make clear that whether a party possesses all substantial rights in a patent *does not implicate* subject matter jurisdiction. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019) ("We . . . firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent <u>does not implicate standing or subject-matter jurisdiction.</u>"); *see also CareDx, Inc. v. Natera, Inc.*, Civil Action No. 19-662-CFC-CJB, 2019 U.S. Dist. LEXIS 219451, at *11 (D. Del. Dec. 20, 2019) (noting "'statutory standing' defects are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional."), *report and recommendation adopted*, Civ. No. 19-662-CFC, 2020 U.S. Dist. LEXIS 12382 (D. Del. Jan. 24, 2020). "As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional

June 2, 2020                                          *Via E-Mail*
Page 2

authority to adjudicate the matter." *Schwendimann v. Arkwright Advanced Coating, Inc.*, Nos. 2018-2416, 2019-1012, 2020 U.S. App. LEXIS 15265, at *11 (Fed. Cir. May 5, 2020) (precedential) (citing *Lone Star*, 925 F.3d at 1235). Thus, even if VoiceAge EVS, LLC does not hold all right and title to the patents in suit (it does), HMD has no legal basis to maintain its motion under Fed. R. Civ. P. 12(b)(1).

HMD's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is equally baseless. Rule 12(b)(6) requires the Court to accept all of the complaint's well-pleaded facts as true. *CareDx, Inc.*, 2019 U.S. Dist. LEXIS 219451, at *7. "In assessing the plausibility of a claim, the court must 'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Id.* (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). VAEVS has plead that it owns all right and title to the patents asserted in the Complaint:

> VoiceAge EVS solely owns all rights, titles, and interests in and to the VoiceAge Patents, each described below

Complaint, ¶ 46.

In short, in view of the factual deficiencies in HMD's motion and the controlling law, HMD has no reasonable basis to maintain its motion to dismiss. Please provide prompt confirmation by the close of business on Wednesday, June 3, 2020 that HMD will withdraw its motion so that the Court and the parties do not need to waste resources on formally addressing a meritless motion. If we do not hear from you by that time, VoiceAge EVS reserves the right to seek its attorney's fees and costs.

Sincerely,

 s/ Christopher A. Seidl
Christopher A. Seidl

90695327.1