# EXHIBIT E



17 Jun 2019

# Acacia patents asserted against Vivo, Oppo and other mobile firms in China

A firm called Advanced Codec Technologies (ACT) has become one of the few US-based NPEs to sue Chinese mobile companies on their own turf. The company, which has sub-licensing rights to an Acacia-owned patent portfolio, is currently litigating against Oppo, Vivo, Xiaomi and TCL in Nanjing and Shanghai courtrooms.

ACT has asserted six Chinese patents owned by Acacia **affiliate** Saint Lawrence Communications against the Chinese firms. Last week, the NPE got favourable decisions from China's Patent Reexamination Board (PRB) in validity challenges brought by Vivo against two of the patents-in-suit. There are a further seven invalidity actions pending.

Dragon Wang of Dunlap, Bennet & Ludwig tells *IAM* that his client ACT embarked on its China licensing programme about twelve months ago. He notes that the patents involved in the litigation are all declared SEPs, so the campaign had begun with efforts at a FRAND negotiation.

The Saint Lawrence portfolio consists of 225 global assets in total, and was picked up by Acacia back in 2013. The rights originally belonged to VoiceAge, a codec licensing collaboration between Nokia, Sipro Lab Telecom and the Université de Sherbrooke. Acacia says on its website that the first key rights in the portfolio expire in 2019.

Over the years, the Saint Lawrence patents have been asserted in the United States and Germany against companies including Apple and Samsung.

The two patents that survived recent PRB challenges had also been the subject of IPRs: one was denied institution and the other was settled after institution. Saint Lawrence has settled four of seven IPRs overall.

With rights expiring soon, it looks like the China campaign is an effort to get maximum value out of a portfolio that has been successful elsewhere.

ACT is managed by David Sewell, according to **Texas state records**. Sewell, an attorney at Hirsch & Westheimer, P.C., also controls EVS Codec Technologies, which has litigated the Saint Lawrence Patents in the United States.

Acacia had previously retreated from the licensing market, so it is no surprise that it may have passed on sub-licensing rights for key portfolios to third parties. This year, however, the firm has signaled its intention to re-enter the fray. CIPO Marc Booth told *IAM* that **working with small entity patent holders** will be the firm's bread and butter in its next phase.

It is not clear whether Acacia itself or Sewell are the key drivers behind enforcing these rights in China. But it is something of a milestone, given that few pure NPEs from abroad have targeted Chinese defendants in Chinese courts.

Other NPEs like IPEL have made big public bets on China, but the jury is very much out on that strategy. As Booth re-boots the Acacia patent business, it will be interesting to see how the firm approaches China.



### Jacob Schindler

Author | Asia editor

jacob.schindler@lbresearch.com

## TAGS

**Frand/SEPS**, **Litigation**, **Non-Practising Entities**, **Patents**, **Strategy**, **Technology Licensing**, **Transactions**, **Mobile Communications**, **Telecommunications**, **Asia-Pacific**, **China**, **North America**, **United States of America**