IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1945-CFC |
| | ) | |
| HMD GLOBAL OY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HMD GLOBAL OY'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
William J. McCabe
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated: June 16, 2020

# TABLE OF AUTHORITIES

**Page**

CASES

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   C.A. No. 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017) ................2

*ADP, LLC v. Uniloc Luxembourg, S.A.*,
   5:19-cv-15-RWS, 2020 WL 3163035 (E.D. Tex. Apr. 1, 2020).........................5

*Home Semiconductor Corp. v. Samsung Elecs. Co.*,
   No. 13-2033, 2020 WL 2477582 (D. Del. Jan. 14, 2020) ...........................2, 7, 8

*Home Semiconductor Corp. v. Samsung Elecs. Co.*,
   No. 13-2033, 2020 WL 1470867 (D. Del. Mar. 26, 2020)..........................2, 7, 8

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ..............................................................9

*Lone Star Silicon Innovations LLC v. Nanya Technology Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ...................................................1, 3, 8

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)................................................................1

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016) ...........................................................2

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996) ...........................................................7

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ..........................................................2

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) ..............................................................9

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
   959 F.3d 1065 (Fed. Cir. 2020) ......................................................1, 3, 4

*Tenaha Licensing LLC v. Tigerconnect, Inc.*,
   No. CV 19-1400-LPS-SRF, 2020 WL 30426 (D. Del. Jan. 2, 2020)..................9

## TABLE OF AUTHORITIES
### (continued)

**Page**

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ............................................................................2

**STATUTES**

35 U.S.C. § 261 ..................................................................................................4

**RULES**

Fed. R. Civ. P. 11 ...............................................................................................10

Fed. R. Civ. P. 12(b)(1)................................................................................1, 2, 7, 8

Fed. R. Civ. P. 12(b)(6)................................................................................8, 9, 10

Dismissal under Rule 12(b)(1) is necessary if Plaintiff VoiceAge EVS ("Plaintiff") has not established, whether by plausible allegation or evidence, that no other party can excuse the infringement alleged in Plaintiff's complaint.

Plaintiff's brief miscasts recent Federal Circuit authorities *Lone Star Silicon Innovations LLC v. Nanya Technology Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) and *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065 (Fed. Cir. 2020) to transform subject matter jurisdiction into a mere pleading standard. *E.g.* Ans. Br. 13–14, D.I. 12. Defendant HMD Global Oy ("HMD") disagrees that Plaintiff can establish constitutional standing merely by pleading—against public information—that it solely holds "all rights" in its asserted patents. *Compare Lone Star*, 925 F.3d at 1229–34 (analyzing whether plaintiff had statutory standing), *with id.* at 1234–36 (discussing separate "constitutional threshold" question of whether plaintiff holds "exclusionary rights" which "involve the ability to exclude others from practicing an invention . . . ." ).

Neither *Lone Star* nor *Schwendimann* altered the requirements for standing under Article III of the Constitution: an "injury in fact," "fairly . . . trace[able]" to the challenged conduct, that is likely to be "redressed" by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992) (citations omitted). And "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another,

- 1 -

would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010); *see Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-42 (Fed. Cir. 2007)). If a party other than the plaintiff can excuse the alleged infringement, then the plaintiff can suffer no legal injury. *See Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1348-51 (Fed. Cir. 2016). A district court lacks subject matter jurisdiction to hear such a plaintiff's claims. *E.g. Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453-RGA, 2017 WL 3668597, at *1, *3 (D. Del. Aug. 24, 2017). And, the courts continue, after *Lone Star*, to dismiss claims under Rule 12(b)(1) where a plaintiff's standing allegations are undermined by the actual documents assigning or limiting its rights. *E.g.*, *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. 13-2033, 2020 WL 2477582, at *1-2 (D. Del. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 1470867 (D. Del. Mar. 26, 2020).

Finding contradictions between the Complaint and public records, HMD raised a factual challenge to this Court's jurisdiction under Rule 12(b)(1), shifting the burden to Plaintiff to provide evidence that they hold the right to exclude the alleged practice of the asserted claims. Plaintiff offered no such evidence.

As one example, public information indicates that entities other than Plaintiff appear able to excuse infringement of these patents—whether by HMD, or by some of its customers, importers, sellers, resellers, and/or end users, all of whom are

accused. Compl. ¶¶ 80–94, D.I. 1.[1] The asserted patents were assigned to Plaintiff from their original owner VoiceAge Corporation subject to "liens, claims, and encumbrances" that Plaintiff "has expressly agreed in writing will continue to encumber the Patent Rights after execution and delivery of this Assignment of Patent Rights." Op. Br. 3, D.I. 8 (citing D.I. 9-6 at 3). Those "liens, claims, and encumbrances" are not set forth in the public recordation of assignment of the Patents, nor identified in the Complaint, nor identified in Plaintiff's answering brief. Accordingly, nothing of record confirms that Plaintiff alone can excuse infringement by HMD, even though to secure constitutional authority to adjudicate its claims a plaintiff must allege "***facts***"—*i.e.* not legal conclusions—"that support an arguable case or controversy under the Patent Act." *Schwendimann*, 959 F.3d at 1071 (emphasis added) (citing *Lone Star*, 925 F.3d at 1235).

As another example, the complaint fails to mention two other entities—Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC—which are at this moment asserting other patents acquired from the same original owner (VoiceAge Corporation) ***and*** seeking to license practice of the same EVS standard accused here. These entities allege in other filings to be successors to VoiceAge Corporation's EVS-essential portfolio, and to license its patents on "Fair,

---

[1] To be clear, Plaintiff's infringement allegations are based solely on practice of the Enhanced Voice Services ("EVS") standard in HMD's products, and not on anything unique to HMD or its customers or phones. *E.g.* Compl. ¶¶ 84, 90.

Reasonable, and Non-Discriminatory" ("FRAND") terms. D.I. 9-15 ¶¶ 135, 145. Plaintiff makes essentially the same allegations here. *See* Compl. ¶¶ 37-45 ("NOTICE AND COMPLIANCE WITH FRAND OBLIGATIONS"). However, the complaint **and** answering brief are silent as to whether a FRAND license to Plaintiff's patents would include the right to practice the other purportedly standard-essential patents held by Saint Lawrence Communications, LLC and EVS Codec Technologies, LLC—or whether, conversely, a FRAND license to those entities' patents would excuse infringement of Plaintiff's patents.

To meet its burden, Plaintiff could have provided HMD and the Court with the non-public documents behind the transfer of the patents-in-suit from VoiceAge Corporation to Plaintiff, to establish the actual rights transferred to Plaintiff. But Plaintiff did not. Instead, Plaintiff relies on a publicly-recorded assignment which acknowledges written reservations of rights in other, non-public written documents. D.I. 9-6 at 3. Plaintiff's own cited authority acknowledges the necessity of a "written instrument" conferring sufficient patent rights under federal law to establish standing. *See Schwendimann,* 959 F.3d at 1072 (citing 35 U.S.C. § 261). But Plaintiff elected not to provide the complete instrument here.

Plaintiff also could have provided HMD and the Court with the non-public, written encumbrances set forth in the public assignment (which Plaintiff affirms exist, *see* Ans. Br. 2). But Plaintiff did not. Instead, Plaintiff merely argues that the

reservation of such encumbrances represents "common practice." *Id.* But, to be clear, other patent assertion entities backed Plaintiff's funder Fortress ***have***—in non-public documents—allowed the original owners of their patents to retain the right to license or excuse infringement by other parties, including potential defendants in future suits. *See, e.g.*, *ADP, LLC v. Uniloc Luxembourg, S.A.*, 5:19-cv-15-RWS, 2020 WL 3163035 (E.D. Tex. Apr. 1, 2020).

> International Business Machines Corporation assigned five patents to [Fortress-backed entity] Uniloc . . . but retained . . . among other rights: (1) a license to the patents for itself and its "Subsidiaries"; (2) the right to grant sublicenses and releases to six categories of parties . . .; and (3) the right to grant immunities from suit under each assigned patent to two other categories of parties, including "third parties where the suit is based on products, methods, technologies, or services to the extent provided directly or indirectly to the third parties by IBM or its Subsidiaries."

*Id.* at *1. Plaintiff cannot waive aside these reserved rights as "common practice" when its funder's entities have in "practice" reserved material rights as alleged in HMD's motion. Plaintiff also avoids directly addressing HMD's allegation that Fortress has retained the right to license the patents-in-suit under certain circumstances, as it has in past transactions. Op. Br. 11-12.

Although Plaintiff provides a blanket denial that "[n]one of [HMD's] theories are true," Ans. Br. 1, Plaintiff provides no evidence supporting the statement.

Two of Plaintiff's exhibits, D.I. 13, Exs. A & B, represent written correspondence exchanged between the parties ***after*** HMD's motion was filed.

These exhibits do not affect standing. Moreover, they evince that Plaintiff **rejected** HMD's counsel's invitation to provide non-public evidence of exclusionary rights. D.I. 13-2 at 1.[2]

Two other exhibits, D.I. 13, Exs. C & D, only further call into question the ownership of rights in the asserted patents. These exhibits represent public webpages of non-party Voiceage Corporation discussing the "Enhanced Voice Services (EVS)" and "AMR-WB/G.722.2" codecs, respectively. As Plaintiff points out, these pages direct potential licensees to email addresses of two entities **other than VoiceAge**, one affiliated with Plaintiff, and one affiliated with Acacia Research Corporation. Ans. Br. 11. But neither page specifies which VoiceAge patents each entity holds the right to license. And while Plaintiff's brief suggests that the Acacia-affiliated entities are licensors only for the AMR-WB codec and Plaintiff only for the EVS codec, *id.*, HMD's motion identified active suits in which the Acacia-affiliated entities are seeking to license practice of the EVS codec. Op. Br. 5.

---

[2] The correspondence also misleadingly suggests that the parties were "in discussions for over 7 months, and HMD never raised any standing issue during those discussions or asked for any such information." D.I. 13-2. To counsel's knowledge, the parties' representatives have only met once, for an introductory meeting. And while Plaintiff's **German affiliate** has been litigating against HMD **in Germany** since October of 2019, there would be no reason for the parties thereto to discuss a **separate entity's** standing **in the United States**.

Plaintiff points to the publicly recorded assignment to argue that it received all "causes of action and other ***enforcement*** rights" "on account of any of the Patents." Ans. Br. 9 (emphasis added). But that says nothing about the rights of others to excuse infringement. The right to sue is different from the right to license. Similarly, Plaintiff points to a press release stating that Plaintiff "will license the VoiceAge EVS Patent Portfolio," *id.* at 11 (citing D.I. 9-19 at 2). Again, that sentence says nothing about the rights of *others* to license the same portfolio (or to otherwise excuse infringement). And while Plaintiff accuses HMD of "point[ing] to no document from the USPTO assignment database or elsewhere" showing that other parties have any rights in the asserted patents, Ans. Br. 10, patentees regularly record only a "short form" patent assignment, keeping the detailed allocation of rights in non-public agreements. *See, e.g.*, *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1113, 1116-18 (Fed. Cir. 1996) (looking to the "entirety of the agreements" between the parties, and not just the "short form of the . . . assignment for recording the assignment at the PTO," to determine the plaintiff's right to sue).

In *Home Semiconductor Corp.*, this court dismissed infringement claims for lack of standing under Rule 12(b)(1) even though the plaintiff had alleged that it held "all rights, title, and interest" in the asserted patents, C.A. No. 13-cv-2033-RGA (D. Del. May 24, 2019), D.I. 196 (Redactions to Amended Complaint), where public assignment documents and other ownership agreements submitted by the movant

-7-

showed that the plaintiff lacked sufficient rights to proceed. 2020 WL 2477582. The

court expressly applied *Lone Star* in reaching its conclusion.

> Although [plaintiff] argues that [assignee] received "all right, title and
> interest in and to the" asserted patents, "[o]ur analysis in these types
> of cases has never been so reliant on labels." Instead, "it is the effect
> of the agreement on the respective rights of the patentee and the
> transferee that controls."

*Id.* at *6 (quoting *Lone Star*, 925 F.3d at 1230, 1232) (internal citations omitted);

*Home Semiconductor*, 2020 WL 1470867, at *2-3 (citing *Lone Star*, 925 F.3d at

1229, 1231).

Likewise here, Plaintiff's evidence does not meet its burden to demonstrate

this Court's jurisdiction to adjudicate its claim, and only further calls that jurisdiction

into question, so HMD respectfully requests that the Court dismiss the complaint

under Rule 12(b)(1). But even if Plaintiff were correct in asserting that HMD's

Motion must be adjudicated under the liberal pleading standards assessed under a

Rule 12(b)(6) motion, the Complaint fails to plausibly allege that Plaintiff holds

sufficient rights in the asserted patents.

Plaintiff alleges that "VoiceAge Corporation was awarded a number of

patents directed to the EVS codec," Compl. ¶ 11, that "*[t]hese patent assets*,

including all patents asserted in this Complaint, were assigned and/or exclusively[3]

---

[3] Use of words like "exclusive" does not alone signify when a plaintiff has standing
to sue. *See Lone Star*, 925 F.3d at 1229 ("This inquiry depends on the substance of
what was granted rather than formalities or magic words.")

licensed to [Plaintiff]," *id.* (emphasis added), and that Plaintiff "solely owns all rights, titles, and interests in and to the VoiceAge Patents." *Id.* ¶ 46. However, public court filings indicate that other entities purport to hold rights to assert and license VoiceAge patents directed to the EVS codec. Op. Br. 5. Plaintiff's publicly recorded assignment also indicates that Plaintiff took ownership of the patents subject to "liens, claims, and encumbrances" that Plaintiff acknowledges "encumber the Patent Rights." D.I. 9-6 at 3.

Plaintiff's brief relies on the well-pleaded complaint rule to argue that the Complaint establishes standing. Ans. Br. 7-8. But even on a motion under Rule 12(b)(6) the Court may consider "matters of public record" and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). And "a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . ." *Tenaha Licensing LLC v. Tigerconnect, Inc.*, No. CV 19-1400-LPS-SRF, 2020 WL 30426, at *9 (D. Del. Jan. 2, 2020) (citing *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)). Nor must the Court credit a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997).

Plaintiff does not dispute that the public assignment attached to HMD's motion is an authentic, publicly available government record, nor that it indicates the patents were assigned subject to "liens, claims, and encumbrances"; in fact, Plaintiff's brief affirms so. Ans. Br. 2. Nor does Plaintiff dispute that other entities purport in public court filings that they may license VoiceAge patents allegedly "also essential to portions of the EVS standard." *Id.* at 10. In view of these documents, and the other unchallenged public records attached to HMD's motion, Plaintiff cannot rely on the meager allegations in its complaint to state a claim for infringement, even if reviewed under Rule 12(b)(6).

Finally, Plaintiff asks the Court for leave to seek fees and costs in responding to HMD's motion. But Plaintiff has not served HMD with any motion challenging the basis for HMD's filings under Rule 11, so Plaintiff's request is procedurally improper. Regardless, HMD's motion is well-founded in law and supported by ample evidence. Moreover, when HMD asked Plaintiff to provide any non-public documents supporting its standing to sue—in lieu of Plaintiff having to further brief its answer to HMD's motion—Plaintiff refused. D.I. 13-2. Plaintiff has declined to provide evidence supporting its standing to sue, in or outside of court. It is therefore Plaintiff, not HMD, who has forced "time and expense" over this issue. HMD respectfully asks that the Court deny Plaintiff's request for leave to seek fees and costs in responding to HMD's meritorious motion.

-10-

HMD respectfully requests that the Court dismiss the complaint for failure to state a claim.

Respectfully submitted,

SHAW KELLER LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
OF COUNSEL:                          nhoeschen@shawkeller.com
William J. McCabe                    *Attorneys for Defendant*
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900


Dated: June 16, 2020

-11-

## CERTIFICATION

The undersigned certifies that the foregoing brief complies with the type, font, and word limitations in this Court's Standing Order Regarding Briefing In All Cases. The brief is set in 14-point Times New Roman and contains 2,494 words, excluding tables and captions.

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
Attorneys for Defendant