

December 10, 2020

**VIA E-FILING**
The Honorable Colm F. Connolly
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:   *VoiceAge EVS LLC v. HMD Global Oy*,
             <u>C.A. No. 19-1945-CFC</u>

Dear Judge Connolly:

    Plaintiff VoiceAge EVS LLC ("VoiceAge EVS") writes to address Defendant HMD Global Oy's ("HMD"'s) incorrect characterization of *Uniloc USA Inc., et al. v. Apple, Inc.* (Case No. C 18-00358) (N.D. Cal. Dec. 4, 2020) (*"Uniloc"*). (*See* D.I. 20.) HMD cites *Uniloc* to support its position that it is proper to resolve issues of standing at the pleading stage on a motion to dismiss under 12(b)(1) (subject matter jurisdiction) and 12(b)(6) (failure to state a claim). *Uniloc*, a case in a different district, does not address the adequacy of allegations in a Complaint at the pleading stage, but instead was decided after extensive discovery. (*See Uniloc* at 3.) In fact, *Uniloc* acknowledges that (1) "mere allegations of standing may suffice on the pleadings" and (2) that the Federal Circuit in "*Lone Star* held that 'whether a party possesses *all substantial rights* in a patent'"—which HMD challenges here—"'does not implicate standing or subject matter jurisdiction.'" (*Uniloc* at 4, 6.)

    As in its opening brief, HMD tries to equate the facts of *Uniloc* with this case on the apparent theory that both the *Uniloc* plaintiffs and VoiceAge EVS have an affiliation with Fortress. But this case is not *Uniloc*. As VoiceAge EVS explained, even if the Court were to go beyond the allegations in the Complaint, the documents cited by HMD are consistent with and support the fact that VoiceAge EVS "solely owns all rights, titles, and interests in and to the VoiceAge Patents." (*See* D.I. 12 at 7-12.) There is no "evidence" or allegation here at the pleading stage to support HMD's unfounded theory that VoiceAge EVS lacks exclusionary rights in the VoiceAge EVS Patents—a theory that none of the defendants in the three related cases have joined. HMD's end-around the Rule 12(b)(6) pleading standard and its request for "jurisdictional discovery" should be denied. (D.I. 12.)

                                                            2

                                        Respectfully submitted,

                                        /s/ Brian E. Farnan

                                        Brian E. Farnan

cc: Counsel of Record (Via E-Filing)