IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1945 (CFC) |
| | ) | |
| HMD GLOBAL OY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-810 (CFC) |
| | ) | |
| LENOVO HOLDING COMPANY, INC., | ) | |
| LENOVO (UNITED STATES) INC., | ) | |
| MOTOROLA MOBILITY HOLDINGS, | ) | |
| LLC and MOTOROLA MOBILITY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1061 (CFC) |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE QUEBEC SUPERIOR COURT IN CANADA

Dated: April 16, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Defendants Lenovo Holding Company, Inc., Lenovo (United States) Inc., Motorola Mobility Holdings, LLC and Motorola Mobility LLC*

POTTER ANDERSON & CORROON LLP

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Apple Inc.*

SHAW KELLER LLP

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for HMD Global Oy*

## TABLE OF CONTENTS

                                                                                                                   **Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

II.   SUMMARY OF ARGUMENT ................................................................... 2

III.  STATEMENT OF FACTS ........................................................................... 3

IV.  APPLICABLE LAW .................................................................................... 3

V.   ARGUMENT ................................................................................................ 9

VI.  CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Arctic Cat v. Handfield*, 2015 QCCS 4541 (Superior Ct. Québec 2015) ................................................................................................................. 8, 11

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
   No. C04-05385 JWHRL, 2007 WL 1140450, at *2 (N.D. Cal. Apr. 17, 2007) ................................................................................................... 7

*Barnes & Noble, Inc. v. LSI Corp.*,
   No. 11-2709, 2012 WL 1808849 (N.D. Cal. May 17, 2012) .............................. 4

*Compagnie Des Grands Hotels d'Afrique S.A. v. Starman Hotel Holdings LLC*,
   C.A. No. 18-00654 RGA, 2019 U.S. Dist. LEXIS 125210 (D. Del. July 26, 2019) ................................................................................................... 5

*DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*,
   131 F.R.D. 367 (D. Mass. 1990) ..................................................................... 5, 6

*Ethypharm S.A. France v. Abbott Labs.*,
   748 F. Supp. 2d 354 (D. Del. 2010) ..................................................................... 6

*Google Inc. v. Rockstar Consortium U.S. LP*,
   No. C 13-5933 CW, 2014 WL 8735114 (N.D. Cal. Oct. 3, 2014) ................... 4, 5

*Ingenico Inc. v. Ioengine, LLC*,
   C.A. No. 18-826-WCB, 2021 U.S. Dist. LEXIS 36296 (D. Del. Feb. 26, 2021) ................................................................................................... 6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ............................................................................................ 3

*Liqwd, Inc. v. L'Oréal United States*,
   C.A. No. 17-14-JFB-SRF, 2018 U.S. Dist. LEXIS 240547 (D. Del. Nov. 16, 2018) ................................................................................................... 5

*Netherby Ltd. v. Jones Apparel Grp., Inc.*,
   No. 04 Civ. 7028 (GEL), 2005 WL 1214345 (S.D.N.Y. May 18, 2005) ............................................................................................................. 5, 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Teleglobe Comms. Corp v. BCE Inc*, 2006 QCCA 819 (Ct. App. Québec 2006) ..................................................................................................... 11

*Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*,
254 F. Supp. 2d 469 (D. Del. 2003) ..................................................................... 5

*Zassenhaus v. Evening Star Newspaper Co.*,
404 F.2d 1361 (D.C. Cir. 1968) ........................................................................... 6

**STATUTES**

28 U.S.C. § 1781(b)(2) ............................................................................................. 4

**RULES**

Federal Rule of Civil Procedure 26 ......................................................................... 5

Federal Rule of Civil Procedure 28(b)(1)(B) ........................................................... 4

I.    **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff VoiceAge EVS filed suit on October 15, 2019 (C.A. No. 19-1945-CFC, the "HMD litigation") asserting that Defendant HMD Global Oy ("HMD") infringes five patents: U.S. Patent No. 7,693,710; U.S. Patent No. 8,401,843; U.S. Patent No. 8,825,475; U.S. Patent No. 8,990,073; U.S. Patent No. 9,852,741 (each a "Patent-in-Suit," and, collectively, the "Patents-in-Suit"). Compl. ¶¶ 46-79, D.I. 1. Plaintiff thereafter asserted the Patents-in-Suit in *VoiceAge EVS LLC v. Lenovo Holdings Company, Inc., et al.*, C.A. No. 20-810-CFC (the "Lenovo litigation") and *VoiceAge EVS LLC v. Apple Inc.*, C.A. No. 20-1061-CFC (the "Apple litigation"), among other cases.[1]

On May 26, 2020, HMD moved to dismiss Plaintiff's complaint in the HMD litigation under Rules 12(b)(1) and 12(b)(6), because Plaintiff had not shown that it held an exclusionary interest in the Patents-in-Suit, and because public evidence suggested that assignments, licenses, or other encumbrances may authorize VoiceAge Corporation of Quebec and the Université de Sherbrooke, or parties related thereto, to excuse infringement by HMD or its customers.

On January 22, 2021, this Court denied HMD's motion without prejudice, but stayed this case pending completion of jurisdictional discovery and a final

---

[1] Defendants in the HMD, Lenovo, and Apple litigations are herewith filing identical motions and memoranda of law seeking the issuance of a single letter rogatory applicable to all three cases.

- 1 -

determination by the Court about whether Plaintiff has standing and the Court has subject matter jurisdiction.

On March 16, 2021, HMD and the defendants in the Lenovo and Apple Litigations (the "Defendants"), together with Plaintiff (collectively, the "Parties"), stipulated to coordinated jurisdictional discovery. D.I. 24. Under the stipulation, the Parties agreed that Defendants would commence common third-party discovery, and request the Court's assistance for third-party discovery targets outside the United States, within four weeks of this Court's entry of a common limited protective order for jurisdictional discovery. The Court entered a common limited protective order on March 19, 2021, making April 16, 2021 the applicable deadline for the below request.

## II.     SUMMARY OF ARGUMENT

Jurisdictional discovery into VoiceAge Corporation and the Université de Sherbrooke is appropriate and necessary. VoiceAge Corporation was the original assignee and licensor of the Patents-in-Suit. The Université de Sherbrooke employed the inventors of the Patents-in-Suit during their alleged development of the patented technologies. Both VoiceAge Corporation and the Université de Sherbrooke possess evidence necessary to confirm whether they—or their licensees or Affiliates—hold the right to license or otherwise excuse infringement by the Defendants or their customers, or did so at any time over which Plaintiff alleges

infringement. That evidence is not expected to be, and appears not to be, in the possession, custody, or control of Plaintiff.

Because Canada is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the request which this motion asks the Court to issue (the "Request") is the only means of securing compulsory process in Canada, and specifically in the provincial jurisdiction of Quebec, and is tailored to the scope of discovery permitted by the Court in its January 22, 2021 order.

### III.   STATEMENT OF FACTS

The named inventors of the Patents-in-Suit are or were engineering faculty of the Speech and Audio Research Group at the Université de Sherbrooke. D.I. 9-7. All rights in each Patent-in-Suit were purportedly assigned by those inventors to VoiceAge Corporation of Quebec, Canada. D.I. 9-1, 9-2, 9-3, 9-4, 9-5. Each Patent-in-Suit was purportedly assigned on December 5, 2018 from VoiceAge Corporation to the Plaintiff here, VoiceAge EVS LLC. D.I. 9-6.

### IV.   APPLICABLE LAW

A letter rogatory is a formal written request by a U.S. court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting U.S. court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1

(2004) (a letter rogatory is the request by a domestic court to a foreign court to take evidence from a witness in the foreign court's jurisdiction); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012) ("A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court … [and] can also include requests for the production of documents.").

Federal district courts have inherent authority to issue letters rogatory. *Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 WL 8735114, at *1 (N.D. Cal. Oct. 3, 2014).  Federal Rule of Civil Procedure 28(b)(1)(B) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory'," and subdivision (b)(2)(B) of Rule 28 further provides it may be issued "without a showing that taking the deposition in another manner is impracticable or inconvenient." *See also* 28 U.S.C. § 1781(b)(2) (permitting "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

In ruling on a motion for issuance of a letter rogatory, "'a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained.'"  *Google*, 2014 WL

8735114, at *1 (quoting *Barnes & Noble, Inc.*, 2012 WL 1808849, at *2); *Liqwd, Inc. v. L'Oréal United States,* C.A. No. 17-14-JFB-SRF, 2018 U.S. Dist. LEXIS 240547, at *10 (D. Del. Nov. 16, 2018) ("on an application for the issuance of a letter rogatory seeking a deposition in a foreign country, the Court will not ordinarily weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony" (quoting *AstraZeneca v. Ranbaxy Pharm., Inc.,* 2008 WL 314627, at *2 (D.N.J. Jan. 29, 2008)).

The burden on the party seeking issuance of a letter rogatory is "not great." *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003). The proper inquiry for issuance is whether the discovery sought is within the liberal broad scope of discovery under Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *Google Inc.*, U.S. Dist. LEXIS 141150, at *5; *Compagnie Des Grands Hotels d'Afrique S.A. v. Starman Hotel Holdings LLC*, C.A. No. 18-00654 RGA, 2019 U.S. Dist. LEXIS 125210, at *4 (D. Del. July 26, 2019) ("Courts 'routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.'" (quoting *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005)); *Netherby*, 2005 WL 1214345, at *1 (granting plaintiff's request for letters rogatory to obtain discovery in Canada because "Plaintiff is

entitled to conduct discovery that may uncover relevant evidence…. No higher standard is required for issuing letters rogatory that seek the cooperation of the Canadian courts in obtaining equivalent discovery in that country.").

"Courts and commentators take the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory." *DBMS Consultants v. Comput. Assocs. Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990), citing, *inter alia*, *Zassenhaus v. Evening Star Newspaper C*o., 404 F.2d 1361, 1364 (D.C. Cir. 1968) (reversing denial of request for issuance of letter rogatory because the "District Court has not suggested, nor have we fathomed, any good reason for denying" the request); *Ethypharm S.A. France v. Abbott Labs.,* 748 F. Supp. 2d 354, 358 (D. Del. 2010) ("Courts have found 'that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory.'" (quoting *DBMS*, 131 F.R.D. at 369)); *Ingenico Inc. v. Ioengine, LLC*, C.A. No. 18-826-WCB, 2021 U.S. Dist. LEXIS 36296, at *3 (D. Del. Feb. 26, 2021) ("district courts have discretion to deny a request for letters rogatory if there is a good reason for doing so" (internal quotations and citations omitted)).

Where, as here, discovery is sought by a U.S. litigant in a foreign country such as Canada that is not a signatory[2] to the Hague Convention on the Taking of

---

[2] U.S. Department of State website at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Canada.html (noting that Canada is not a partyto the Hague Convention on the Taking of Evidence Abroad in Civil or

- 6 -

Evidence Abroad in Civil or Commercial Matters, letters rogatory are especially proper and necessary as they are the only means to secure compulsory process to obtain discovery from witnesses located in such non-signatory countries. *See Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JWHRL, 2007 WL 1140450, at *2 (N.D. Cal. Apr. 17, 2007) (because discovery was sought from "residents of a foreign nation that is not a signatory to the Hague Convention, the appropriate method is the letter rogatory…."); *Netherby Ltd.*, 2005 WL 1214345, at *1 (granting plaintiff's request for letters rogatory to obtain discovery in Canada).

Further, letters rogatory—referred to in the Province of Quebec as "Requests For International Judicial Assistance"—are appropriate and recognized under Canadian law, and a Request for International Judicial Assistance submitted herewith for issuance by this Court is proper under Canadian law. The Canada Evidence Act specifically expressly provides that a court outside of Canada may direct letters rogatory to a Canadian court. R.S.C.1985, c. C-5 §§ 46, 51(2) ("letters rogatory from a court … outside Canada … are deemed and taken to be sufficient evidence in support of the application" for an order for examination of witnesses in Canada). With respect to Quebec law, the execution of letters rogatory issued in a

---

Commercial Matters) (last visited October 7, 2019); Hague Conference on Private International Law website at https://www.hcch.net/en/states/hcch-members/details1/?sid=28 (listing Conventions Canada has ratified, "Taking of Evidence Abroad in Civil or Commercial Matters" not listed) (last visited October 7, 2019).

foreign state are specifically contemplated by articles 504-506 of the Code of Civil Procedure, CQLR c C-25.01.

In Quebec, the Business Concerns Records Act, CQLR c D-12, prohibits the export of the records of a "business concern in Québec" to a foreign jurisdiction. Nevertheless, documents that have already circulated outside of Quebec are not protected by the Business Concerns Records Act. *Walsh c. Gaitan & Cusack*, 1993 CanLII 4101 (QC CA). In the event that a foreign litigant is barred from obtaining requested business records in Quebec, the party is instead permitted to examine a witness with respect to those documents to confirm their existence or authenticity. *See Arctic Cat v. Handfield*, 2015 QCCS 4541 (Superior Ct. Québec 2015) ("The question remains as to whether, in the case of Mr. Handfield's examination, certain documents could be subject to the protection of the *Business Concerns Records Act*. The possibility of such a restriction does not, however, negate the right to an examination." (translated)) (citing *Teleglobe Comms. Corp v. BCE Inc*, 2006 QCCA 819 (Ct. App. Québec 2006)).[3]

---

[3] Available at https://www.canlii.org/fr/qc/qccs/doc/2015/2015qccs4541/2015qccs4541.html and in machine translation at https://translate.google.com/translate?sl=auto&tl=en&u=https://www.canlii.org/fr/qc/qccs/doc/2015/2015qccs4541/2015qccs4541.html

## V. ARGUMENT

Jurisdictional discovery into VoiceAge Corporation and the Université de Sherbrooke is appropriate and necessary.

VoiceAge Corporation was the original assignee and licensor of the Patents-in-Suit. VoiceAge Corporation at one time litigated as an exclusive licensee of patents assigned to the Université de Sherbrooke—as the Patents-in-Suit were. *See* D.I. 9-11. VoiceAge Corporation is believed to have granted licenses to the Patents-in-Suit and encumbrances regarding their enforcement that have not been produced by Plaintiff and that may not be in Plaintiff's possession. Public recordation documents indicate that the Patents-in-Suit were assigned by VoiceAge Corporation to VoiceAge EVS subject to "encumbrances." As of April 16, 2021, VoiceAge EVS has not produced to Defendants any assignments or other documents under which VoiceAge Corporation set forth such encumbrances, suggesting those documents may not be in VoiceAge EVS's possession or otherwise available for production by VoiceAge EVS.

VoiceAge Corporation also at one time included three of the Patents-in-Suit (U.S. Patent No. 7,693,710; 8,401,843; and 8,825,475) within its own "patent portfolio" allegedly covering the EVS standard accused of infringement here. D.I. 9-14. VoiceAge Corporation's records regarding the Patents-in-Suit, including all licenses and encumbrances entered into by VoiceAge Corporation regarding the

Patents-in-Suit, are therefore necessary to confirm whether, at any time, it or its licensees held any right or obligation to license any of the Defendants or their customers under the Patents-in-Suit or otherwise excuse infringement thereby.

The Université de Sherbrooke employed the named inventors of the Patents-in-Suit during their alleged development of the patented technologies. Its written invention policies at the time of the invention of the Patents-in-Suit will likely detail whether and when a license or other practice rights may be reserved for Defendants or their customers under the Patents-in-Suit. Those invention policies are not public documents and appear not to be in Plaintiff's possession. The Université de Sherbrooke also possesses information about the formation of VoiceAge Corporation, and its obligations regarding enforcement of the Patents-in-Suit, which may not be in Plaintiff's possession. The Université de Sherbrooke's written invention policies and records, its records regarding the formation of VoiceAge Corporation and its relationship thereto, and its records regarding the Patents-in-Suit, are necessary to confirm whether the Université de Sherbrooke —or its employees or Affiliates—hold, or at any relevant time held, the right or obligation to license or otherwise excuse infringement by the Defendants or their customers.

Because Canada is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Request which this motion seeks to have the Court issue is the only means of securing compulsory process in

Canada, and specifically in the provincial jurisdiction of Quebec. These documents identified in the Request are essential to a fair resolution of the jurisdictional questions in this case, which turn on whether parties other than Plaintiff—including VoiceAge Corporation and the Université de Sherbrooke —were at any relevant time authorized to license or otherwise forgive infringement of the Patents-in-Suit by Defendants or their customers.

Defendants have tailored the Request to seek only documents that VoiceAge Corporation and the Université de Sherbrooke can readily identify and produce with minimal burden. To the extent those documents are indeed produced, Defendants do not intend to seek further deposition testimony through their Request. This is in accordance with this Court's January 22, 2021 Order declining to authorize deposition discovery in this matter, and in the interest of reducing burdens on VoiceAge Corporation and the Université de Sherbrooke. However, should either VoiceAge Corporation or the Université de Sherbrooke decline to produce documents identified in the Request under Quebec's *Business Concerns Records Act*, CQLR c D-12, Defendants intend to secure limited deposition testimony purely to confirm the existence and authenticity of those documents not produced, and to determine whether they bear on any right to license or otherwise forgive infringement of the Patents-in-Suit by Defendants or their customers. *See Arctic Cat*, 2015 QCCS 4541; *Teleglobe*, 2006 QCCA 819.

## VI. <u>CONCLUSION</u>

VoiceAge Corporation and the Université de Sherbrooke possess documentary evidence, including evidence not likely to be in Plaintiff's possession, which will materially inform the question before the Court in jurisdictional discovery: whether Plaintiff alone holds exclusionary rights in the Patents-in-Suit for all of Defendants' products accused of infringement, at all relevant times.

The Request is the only means of securing compulsory process in Canada, and specifically in the provincial jurisdiction of Quebec. Accordingly, Defendants respectfully ask that the Court issue the Request.

| Dated: April 16, 2021 | Respectfully submitted, |
|---|---|
| SHAW KELLER LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Nathan R. Hoeschen*<br>John W. Shaw (No. 3362)<br>Nathan R. Hoeschen (No. 6232)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>*Attorneys for HMD Global Oy* | */s/ Rodger D. Smith*<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br><br>*Attorneys for Defendants Lenovo Holding Company, Inc., Lenovo (United States) Inc., Motorola Mobility Holdings, LLC and Motorola Mobility LLC* |
| POTTER ANDERSON & CORROON LLP<br><br>*/s/ Bindu A. Palapura*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br><br>*Attorneys for Defendant Apple Inc.* | |

**CERTIFICATION**

The undersigned certifies that the foregoing brief complies with the type, font, and word limitations in this Court's **Standing Order Regarding Briefing In All Cases**. The brief is set in 14-point Times New Roman and contains 2,624 words, excluding tables and captions.

*/s/ Matthew J. Moffa*

**CERTIFICATION OF CONFERENCE**

The undersigned certifies that, on April 14, 2021, he informed counsel for Plaintiff that Defendants intended to move the Court to issue a letter rogatory to the Quebec Superior Court to seek documentary evidence in Canada from VoiceAge Corporation and the Université de Sherbrooke regarding the rights of those parties and others to grant licenses to, or otherwise forgive infringement of, the patents asserted by Plaintiff. The undersigned further certifies that, on April 16, 2021, he spoke by telephone with Christopher Seidl, counsel for Plaintiff, who confirmed that Plaintiff does not oppose such motion.

*/s/ Matthew J. Moffa*