

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

March 19, 2025

**BY CM/ECF AND HAND DELIVERY**
The Honorable Gregory B. Williams
United States District Court
844 N. King Street
Wilmington, DE 1980

      Re:    *VoiceAge EVS LLC v. HMD Global Oy*, C.A. No. 19-1945-GBW (D. Del.)

Dear Judge Williams,

We write in response to the Court's March 18, 2025, order to submit a letter "identifying with pinpoint citations the applicable deadline for submitting dispositive Rule 12 motions under the relevant Scheduling Order" (D.I. 200).

The Scheduling Order does not address or mention motions filed under Rule 12(c). The original Scheduling Order set a filing window only for "case dispositive motions *under Rule 56*." (D.I. 43 at 18, ¶20(a) (emphasis added).)  <u>The default deadline is thus set by Rule 12(c), which states that motions thereunder may be filed at any time "[a]fter the pleadings are closed—but early enough not to delay trial."</u> *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 880 (3d Cir. 2020); *see Ecolab Inc. v. Dubois Chemicals, Inc.*, C.A. No. 21-567-RGA, 2023 WL 7019266, at *9 (D. Del. Oct. 25, 2023) (holding that Rule 12(c) motion filed at dispositive motion deadline was "too late"); [1] *see, e.g.*, *Chavez v. Dole Food Co., Inc.*, No. CV 12-697-RGA, 2019 WL 3207649, at *3 (D. Del. July 16, 2019) (resolving Rule 12(c) motion during fact discovery). When Defendant filed its February 29, 2024 Rule 12 motion, a stipulated and so-ordered schedule extension set trial for February 25, 2025, a year away. (D.I. 171.)

Should the Court nonetheless view Rule 12(c) motions as covered by Paragraph 20 of the original Scheduling Order, the motion was still timely. That Paragraph specified only that "case dispositive motions *under Rule 56*" could not be filed more than 10 days before the deadline but did not set a time period before which Rule 12(c) motions could not be filed.  Subsequent modifications to the case deadlines changed *inter alia* the deadline to "File Summary Judgment Motions" to May 10, 2024 (D.I. 171 at 2), but did not change the language of the original Scheduling Order—and, regardless, the Rule 12 motion was filed before May 10, 2024.[2]

---

[1]    The Scheduling Order in Ecolab contained the same language on case dispositive motions as the Scheduling Order in this litigation. 21-567-RGA, D.I. 14 at 9 (Aug. 27, 2021) (Ex. A).

[2]    D.I. 171 is a stipulation signed as an order of the Court. While the docket text describing this Order states "Dispositive Motions due by 5/10/2024," docket text does not modify an order of the Court. *See Wilcox v. Georgetown Univ.*, 987 F.3d 143, 149 (2021) ("Docket entries "'briefly show . . . the substance and date of entry of each order and judgment,' FED. R. CIV. P. 79(a)(3); they are not authorized to alter or amplify that substance.").

SHAW KELLER LLP
Page 2

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
      All Counsel of Record (via CM/ECF & Email)