# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) | |
| | ) | C.A. No: 21-567-RGA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DUBOIS CHEMICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**

This 27 day of August, 2021, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **September 15, 2021**.

2. Joinder of Other Parties and Amendment to the Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 28, 2022**.

3. Discovery.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **November 18, 2022**.

b. Document Production. Document production shall be substantially complete by **May 15, 2022**.

c. Requests for Admission. A maximum of **fifty (50)** Requests for Admission shall be allowed per side. This limit does not apply to a reasonable number of Requests for

Admission directed to the genuineness of any described document pursuant to Federal Rule of Civil Procedure 36(a)(1)(B).

  d. <u>Interrogatories</u>. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side.

  e. <u>Depositions</u>.

    i. <u>Limitation of Hours for Deposition Discovery</u>. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination, exclusive of expert depositions for which the parameters are set forth below. All depositions are subject to the presumptive seven-hour limit unless otherwise agreed to by the parties or ordered by the Court.

    ii. <u>Location of Depositions</u>. Any party representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    iii. <u>Expert Depositions</u>. Depositions of expert witnesses shall be limited to **seven (7) hours per witness, per expert report**. For purposes of this paragraph, an expert report includes both the opening and reply reports on the same topic, such that, for example, if the same expert issues an opening and reply report on claim construction, an opening and reply report on invalidity, and an opening and reply report on non-infringement, that expert would be subject to one seven-hour deposition for each of her or his three expert reports, i.e., three seven-hour depositions. If an expert provides a report on both infringement and invalidity, that expert will be

treated as having served two reports, even if infringement and invalidity are addressed in a single report.

      iv. <u>Remote Depositions</u>. The parties agree to negotiate a remote deposition protocol if appropriate in view of the COVID-19 pandemic at the time that depositions take place.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be emailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      g.      <u>Miscellaneous Discovery Matters</u>.

           i.      Plaintiffs intend to file a motion to strike Defendant's third affirmative defense and Defendant intends to oppose such motion.

           ii.      Initial patent disclosures shall be undertaken in accordance with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (ESI) ("Delaware Default ESI Rules"):

           (a)      <u>Delaware Default ESI Rule 3 Disclosures</u>: The disclosures required by ESI Rule 3 shall be made by **September 24, 2021**.

           (b)      <u>Delaware Default ESI Rule 4.a. Disclosures</u>: By **September 24, 2021**, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe and produce the file history for each asserted patent.

           (c)      <u>Delaware Default ESI Rule 4.b. Disclosures</u>: By **October 22, 2021**, Defendant shall produce to the Plaintiffs core technical documents related to the accused product(s).

           (d)      <u>Delaware Default ESI Rule 4.c. Disclosures</u>: By **November 19, 2021**, Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

           (e)      <u>Delaware Default ESI Rule 4.d. Disclosures</u>: By **December 17, 2021**, Defendant shall produce to Plaintiffs initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

           iii.      There are two earlier-filed, completed actions in the Middle District of Florida in which Plaintiffs alleged that International Chemical Corporation infringed the asserted patents: *Ecolab, Inc. v. International Chemical Corporation*, Case No. 6:10-cv-01208-

ORL-22GJK (filed Aug. 13, 2010); and *Ecolab Inc. v. International Chemical Corporation*, Case No. 6:18-cv-01910-CEM-GJK (filed November 7, 2018).

**Plaintiffs' statement regarding whether it expects to institute any further litigation in this or other Districts within the next year**: Plaintiffs do not presently expect to institute additional litigation in this or other Districts within the next year.

**Defendant's statement regarding whether it expects to file one or more IPRs, and if so, when**: Defendant does not presently expect to file any IPRs related to the asserted patents.

iv. Plaintiffs shall provide copies of any relevant license(s) and/or settlement agreement(s) to Defendant on **September 24, 2021**.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on **September 17, 2021**.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before **January 7, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **January 26, 2022**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[1]. Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on **February 18, 2022**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **March 18, 2022**. Plaintiffs shall serve, but not file, their reply

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiffs should include with their opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and agreed-upon claim constructions do not count against the word limits.

brief, not to exceed 5,000 words, on **April 1, 2022**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 7,500 words, on **April 15, 2022**. No later than **April 27, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][2]

        1. Plaintiffs' Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs' Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiffs' Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs' Reply Position

        4. Defendant's Sur-Reply Position

etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

---

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

9. <u>Hearing on Claim Construction</u>. Beginning at **9:00** a.m. on **May 18, 2022**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submissions no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 16, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 27, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **February 24, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to the timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use of the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **April 14, 2023**.

8

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **June 9, 2023**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

12. <u>Application by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On **October 13, 2023**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) **no later than 5 p.m. on the fourth business day before the date of the final pretrial conference**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed final pretrial order.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the arguments described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted

9

by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of the request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **no later than 6 p.m. on the fourth business day before the date of the final pretrial conference**. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it ready apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a **five (5) day** jury trial beginning at 9:30 a.m. on **October 30, 2023**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE